## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: H.P., S.W., and E.W.**

**No. 12-1408** (Mercer County 11-JA-260, 261 & 262)

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel Joseph T. Harvey, from the Circuit Court of Mercer County which terminated his parental rights by order entered on November 5, 2012. The guardian ad litem for the children, John E. Williams Jr., has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2011, the DHHR filed its abuse and neglect petition against Petitioner Father. The petition alleged that, although Petitioner Father and the children's mother no longer reside together, Petitioner Father has exhibited violent behavior toward the mother in the children's presence. For instance, on one evening in December of 2011, Petitioner Father came to the home and yelled at the mother from outside. He continued to do so throughout the night. Throughout the last couple of years before the DHHR filed the petition of this case, the mother had filed a few petitions for Domestic Violence Protective Orders. The circuit court granted Petitioner Father an improvement period and ordered that he complete a mental health evaluation. Petitioner Father failed to do so, and during the months before the dispositional hearing, he was in and out of jail, had no source of income, did not visit with the children, and continued to leave his mental health and substance abuse issues untreated. The circuit court terminated Petitioner Father's parental rights in November of 2012. Petitioner Father appeals this order.

On appeal, Petitioner Father argues that the circuit court erred in terminating his parental, custodial, and guardianship rights to the subject children. He argues that the circuit court should have only terminated his custodial rights to them in order to allow him in their lives and preserve any inheritance rights. In response, the children's guardian ad litem and the DHHR contend that the circuit court committed no error in terminating Petitioner Father's parental, custodial, and guardianship rights. They argue that, although Petitioner Father has mental health conditions, he made no attempts to utilize available services. Petitioner Father never even completed the mental health and substance abuse evaluations to determine what services could assist him.

1

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Father's parental, custodial, and guardianship rights to the subject children. The Court finds that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental, custodial, and guardianship rights to the subject children.

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II